OPINION OF THE COURT
Irving Fudeman, J.
This motion was brought by the defendants to dismiss plaintiff’s complaint pursuant to CPLR 3211 (a) (7) on the grounds that it failed to state a cause of action and the plaintiff cross-moved to dismiss the defendants’ motion. After the oral argument of the said motions, the plaintiff served an amended complaint. Thereupon, the parties, by their attorneys, have agreed that the court should treat defendants’ motion as one to dismiss the amended complaint.
This action is brought against the Town of Lyndon and its Town Supervisor, Perry Jacket. The plaintiff claims that he had been employed by the Town of Lyndon Highway Department from December 1974 through December 1981 as a heavy equipment operator and mechanic. The plaintiff’s father, Guy Ingalls, had been the Town Supervisor for the Town of Lyndon. In November of 1981, he was defeated for reelection by the defendant Perry Jacket. As soon as Perry Jacket took office in January of 1982, he discharged the plaintiff from his employment. The plaintiff claims that he was discharged solely because he was the son of Guy Ingalls, a political adversary of Perry Jacket, the successor to the office of Town Supervisor. In his amended complaint, the plaintiff alleges that his said discharge from employment was discriminatory under the provisions of *443 Executive Law article 15 (Human Rights Law) and seeks reinstatement, back wages, punitive damages and damages for embarrassment, humiliation, mental and emotional distress.
Executive Law § 296 (1) (a) provides as follows:
“1. It shall be an unlawful discriminatory practice:
“(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.”
Executive Law § 292 (8) provides as follows: “The term ‘national origin’ shall, for the purposes of this article, include ‘ancestry.’ ”
The purported causes of action alleged in plaintiff’s amended complaint are based upon the above-quoted sections of the Executive Law. The plaintiff argues that, since “national origin” by statutory definition includes “ancestry”, the discharge from employment of the plaintiff because the defendant Perry Jacket was a political adversary of plaintiff’s father (ancestor), constituted a discharge from employment because of national origin and thus was an unlawful discriminatory practice in violation of Executive Law § 296 (1) (a). The court cannot agree.
It is clear that by the enactment of Executive Law § 296 (1) (a) and Executive Law § 292 (8), the legislative intent was to . prohibit discrimination based upon the country where an individual was born as well as the country where an individual’s ancestors were born and does not prohibit the discharge of an employee because of political differences with the employee’s father.
The court is not unmindful that Executive Law § 300 requires that the Human Rights Law be liberally construed, however, liberal construction does not mean tortured or convoluted interpretation so as to give a meaning to legislative enactment beyond the clear legislative purpose.
The defendant’s motion to dismiss the complaint is granted.